1  CRAIG H. MISSAKIAN (CABN 125202)
   United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  JONATHAN U. LEE (CABN 148792)
   WENDY M. GARBERS (CABN 213208)
5  Assistant United States Attorney

6       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
7       Telephone: (415) 436-7200
        FAX: (415) 436-7234
8       Jonathan.Lee@usdoj.gov

9  Attorneys for United States of America

10                          UNITED STATES DISTRICT COURT

11                         NORTHERN DISTRICT OF CALIFORNIA

12                                 OAKLAND DIVISION

13
    UNITED STATES OF AMERICA,            )  NO. 4:23-CR-00191-AMO-9
14                                       )
         Plaintiff,                      )  GOVERNMENT RESPONSE TO ORDER
15                                       )  (DOCKET ENTRY 400, DATED JULY 1, 2025)
       v.                                )
16                                       )
    RICKY JOSEPH, ET AL,                 )
17                                       )
         Defendants.                     )
18                                       )
                                         )
19  _____ )

20

21

22

23

24

25

26

27

28

**I.  Introduction**

For the reasons below, the Court should order defendant Ricky Joseph detained immediately.

**II.  Applicable law**

Defendants who have been convicted of a "crime of violence" must be detained unless: (A) (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community. 18 U.S.C. § 3143(a)(2). If the defendant falls under Section 3143, he must be detained unless he "clearly shows" that "there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145.

**III.  Joseph should be detained pending imposition of his sentence**

*A. Joseph has been convicted of a crime of violence.*

Joseph's conviction on Count Two is a crime of violence. *United States v. Eckford*, 77 F.4th 1228, 1236 (9th Cir. 2023) ("…Hobbs Act robbery is a crime of violence."); *Young v. United States*, 22 F.4th 1115, 1123 (9th Cir. 2022) (same for aiding and abetting).

*B. Joseph does not meet the 18 U.S.C. § 3143(a)(2)(A) exclusion.*

Because Joseph has been convicted of a crime of violence, he must show that either "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or that the "attorney for the Government [will] recommend[] that no sentence of imprisonment be imposed on the person." 18 U.S.C. § 3143(a)(2)(A)(i), (ii). Neither is met. Joseph cannot satisfy 18 U.S.C. § 3143(a)(2)(A).

*C. Joseph cannot show by clear and convincing evidence that he is not likely to flee or pose a danger to the community.*

Assuming 18 U.S.C. § 3143(a)(2)(A) is satisfied, Joseph would still have to show "by clear and convincing evidence" that he "is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B). "The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c). The statutory scheme "creates a presumption in favor of detention; it places the burden on the defendant to defeat that presumption; and it requires the defendant to carry that burden by clear and convincing

evidence, not by a mere preponderance." *United States v. Abuhamra*, 389 F.3d 309, 320 (2d Cir. 2004). Here, given the facts of the crime of violence for which Joseph has been convicted, he cannot show by clear and convincing evidence that he does not pose a danger to any other person or the community. "A crime of violence, by definition, entails dangers to the community." *United States v. Devinna*, 5 F. Supp. 2d 872, 873 (E.D. Cal. 1998). In addition, the potentially lengthy sentence that Joseph now faces "supports a finding that Defendant poses a flight risk." *United States v. Fujinaga*, 2021 WL 3276146, at *3 (D. Nev. July 30, 2021).

   *D. There are no exceptional circumstances that warrant release.*

  In light of the foregoing, this Court must order Joseph detained unless "it is clearly shown that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145. "Congress has declared that *all* persons who are found guilty of crimes of violence must be detained—even though they individually pose no risk of flight or danger to the community and despite the fact that they may raise substantial issues on appeal—unless they clearly show 'exceptional reasons' why detention is not appropriate." *United States v. Koon*, 6 F.3d 561, 562 (9th Cir. 1993) (Rymer, J., concurring). A district court "should examine the totality of the circumstances and, on the basis of that examination, determine whether, due to any truly unusual factors or combination of factors (bearing in mind the congressional policy that offenders who have committed crimes of violence should not, except in exceptional cases, be released pending appeal) it would be unreasonable to incarcerate the defendant prior to the appellate court's resolution of his appeal." *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003). "Hardships that commonly result from imprisonment do not meet the standard." *Id.* at 1022. This is so because "[t]he general rule must remain that conviction for a covered offense entails immediate incarceration." *Id.* The Ninth Circuit outlined a non-exhaustive list of factors for this Court to consider.

   • **Whether the defendant's criminal conduct was "aberrational"**

  The Ninth Circuit cited a defendant who "led an exemplary life prior to his offense and would be likely to continue to contribute to society significantly if allowed to remain free on bail," who had "no prior history of violence [and who] may have acted violently, but uncharacteristically, in reaction to an unusually provocative circumstance." *Id.* at 1019. Joseph cannot make this showing. The conduct here

was not only violent, but carefully orchestrated by the co-conspirators. His criminal history is extensive. At 37 years of age, he is not a youthful offender but instead has multiple adult felony convictions in the past decade. Additionally, there is significant additional, uncharged conduct.

- **The "nature of the violent act itself"**

The Ninth Circuit discussed the nature of the offense and indicated that if it was violent but did not involve specific intent or "any threat or injury to persons" or was "highly unusual" such as a mercy killing, "exceptional reasons might be more likely to exist." *Garcia*, 340 F.3d at 1019. The armed robbery at issue was an intentional act of violence, involving use of a firearm to control, restrain and then strike victims, causing injury. There is nothing about the act that would justify release.

- **The "length of the prison sentence"**

A very short sentence could be a factor in this analysis. *Garcia*, 340 F.3d at 1019. Here, the Sentencing Guidelines call for, and the United States will recommend, a significant custodial sentence. Thus, the length of the sentence does not justify release.

- **Circumstances that would render the hardships of prison unusually harsh for a defendant**

Joseph has offered no reason that could rise to the level of a severe illness or injury that might be a basis for finding exceptional circumstances. *Garcia*, 340 F.3d at 1019.

- **The nature of the defendant's arguments on appeal**

Here, there is no "unusually strong chance that the defendant will succeed in obtaining a reversal of his conviction." *Garcia*, 340 F.3d at 1020.

In short, because there are no "exceptional reasons" that would justify Joseph's release following his conviction for a crime of violence, this Court should order him detained immediately.

DATED: July 7, 2025

CRAIG H. MISSAKIAN  
United States Attorney

_____/s/_____  
JONATHAN U. LEE  
WENDY M. GARBERS  
Assistant United States Attorneys